FILED
2008 Aug-29 PM 05:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **KATHY SUTTER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **2:08-cv-1563-UWC** |
| **WINN DIXIE,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION ON THE COURT'S JURISDICTION**

Plaintiff Kathy Sutter ("Sutter") filed this lawsuit in Alabama state court asserting various state law tort claims, along with a claim under the Alabama Age Discrimination in Employment Act ("AADEA"). Ala. Code § 25-1-20, *et seq*. Sutter, who is employed by Defendant Winn Dixie,[1] alleges that her store manager discriminated against her because of her age. Specifically, Sutter alleges that the manager repeatedly directed age related discriminatory comments at her and, ultimately, transferred her to another store located much further away from her home than the store at which she was originally assigned. Sutter seeks relief in the form of a declaratory judgment, reassignment to her original store location, as well as compensatory and punitive damages. In her complaint, Sutter does not demand a specified amount in damages, however.

---

[1] In the removal notice, Defendant indicates that it is improperly named in the complaint: the correct name for defendant is Winn Dixie Montgomery, Incorporated.

Winn Dixie removed this action to the instant Court asserting jurisdiction based upon diversity of citizenship. While the parties are citizens of different states, the $75,000 jurisdictional amount requirement is of concern. According to Winn Dixie, the amount in controversy "more likely than not exceeds $75,000" because Plaintiff, *inter alia*, seeks punitive damages, as well as damages for "mental distress." Additionally, Winn Dixie notes that the AADEA provides for the same remedies as those available under the Age Discrimination and Employment Act ("ADEA"). Ala. Code § 25-1-29. Finally, Winn Dixie cites to several cases where Plaintiffs in ADEA cases have recovered in excess of $75,000.

The court is obligated to raise questions concerning subject matter jurisdiction *sua sponte*. *See, e.g., Arthur v. Haley,* 248 F.3d 1302, 1303 n. 1 (11th Cir. 2001) ("While neither party has raised the issue of whether we have subject matter jurisdiction over this case, we are obliged to address the issue *sua sponte*."). When determining whether the federal courts have jurisdiction over a diversity action, "[i]t is to be presumed that a cause lies outside this [Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). "[B]ecause this case involves a complaint for unspecified damages, the defendant[] must establish jurisdiction by a preponderance of the evidence." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007) (citations omitted).

Winn Dixie's reliance on the damage awards in other age discrimination cases essentially amounts to an argument that such cases routinely exceed $75,000. This showing is not

sufficient, however, to meet Winn Dixie's burden on removal to establish jurisdiction by a preponderance of the evidence:

> [A] court [must] review the propriety of removal on the basis of the removing documents. If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate.

*See id*.

Accordingly, by separate order this action will be remanded to Circuit Court of Jefferson County, Alabama.

Done this 29th day of August, 2008.

_____
U.W. Clemon
United States District Judge